FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 1 3 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

LAMONT ROBBINS,

Petitioner,

-against-

WILLIAM CONNOLLY,

Respondent.

-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**09-CV-2055 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner pro se Lamont Robbins ("Robbins") brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2005 conviction of second degree burglary, criminal contempt, stalking, aggravated harassment, and intimidating a witness. (Pet. (Docket Entry # 1).) For the reasons set forth below, Robbins's Petition is denied.

## I.   BACKGROUND

Starting in late 1997, Robbins had a romantic relationship with Shareen Blue ("Blue") for approximately two months. (See Affirm. of Assistant District Att'y Lori Glachman ("Glachman Affirm.") (Docket Entry # 5 at 1) ¶ 4.) For years after Blue terminated their relationship, Robbins persisted in following her, leaving her threatening phone messages, and writing her letters. (Id.) In March of 1998, Blue received an order of protection against Robbins. Trial Transcript ("Trial Tr.") (Docket Entry ## 6-1 to 7-3) at 283-84, People v. Robbins, Ind. No. 1704/2004 (N.Y. Sup. Ct., King's Cnty.). On January 22, 2003, Robbins forced his way into Blue's apartment, broke her cordless phone, and threatened her. Id. at 305-15. He was subsequently charged with burglary, criminal contempt, menacing, criminal possession of a weapon, criminal mischief, aggravated harassment, and stalking. (Glachman Affirm. ¶ 5.) While incarcerated pending trial, Robbins mailed Blue at least ten threatening letters. (Id. ¶ 6.)

1

As a result, the People additionally charged Robbins with intimidating a witness, aggravated harassment, and criminal contempt. (Id. ¶ 7.)

At a pretrial hearing, the court ruled that the prosecutor could not elicit statements during direct testimony that suggested Robbins was known to carry a weapon, unless defense counsel "open[ed] the door to it." Trial Tr. at 251-53. Nevertheless, Robbins's uncharged possession of a gun was mentioned twice during trial: first during defense counsel's direct examination of Sergeant James Gargiulo ("Gargiulo") and subsequently during the prosecutor's cross-examination of the same witness. Id. at 601, 608. In both instances, the trial judge immediately instructed the jury to disregard the mention of gun possession. Id. at 601, 608. In addition, during summation the prosecutor highlighted several of the threatening letters Robbins sent Blue, which, the prosecutor noted, Robbins signed using his nickname of "Psycho." Id. at 725. The prosecutor also urged the jury during summation to "stop" Robbins, as Blue's life had become a "living nightmare." Id. at 739-40.

The jury convicted Robbins of burglary in the second degree, eight counts of criminal contempt in the first degree, three counts of criminal contempt in the second degree, stalking in the fourth degree, eight counts of aggravated harassment in the second degree, and four counts of intimidating a witness in the third degree. Id. at 807-15. On December 8, 2005, the court sentenced Robbins to a term of imprisonment of twelve years on the burglary count; consecutive terms of imprisonment of two to four years on each of the three felony counts of intimidating a witness (to run concurrent to the burglary sentence); concurrent terms of imprisonment of two to four years on the remaining felony counts; and to a conditional discharge on the misdemeanor counts. Sentencing Transcript (Docket Entry # 7-3 at 70) at 15, People v. Robbins, Ind. No. 1704/2004 (N.Y. Sup. Ct., Kings Cnty. Dec. 8, 2005).

Robbins appealed his conviction to the New York Supreme Court, Appellate Division, on

grounds of prosecutorial misconduct and ineffective assistance of counsel. (See Pet'r's App.

Div. Mem. (Docket Entry # 7-4 at 1).) Robbins claimed that the prosecutor's improper

summation remarks, including the use of his nickname of "Psycho," compounded by the

prosecutor's solicitation of testimony that Robbins carried a weapon, denied him a fair trial, as

did trial counsel's failure to object. (Id.) On February 19, 2008, the Appellate Division affirmed

Robbins's conviction. People v. Robbins, 48 A.D.3d 711 (2d Dep't 2008). The decision in full

read:

> The defendant failed to preserve for appellate review his challenges to certain
> remarks made by the prosecutor during summation, as defense counsel either did
> not object to them, or raised only a general objection. In any event, to the extent
> any remarks were improper, they did not deprive the defendant of a fair trial.
>
> Contrary to the defendant's contention, defense counsel's failure to object to the
> prosecutor's remarks did not constitute ineffective assistance of counsel.

Id. (citations omitted). On May 8, 2008, Robbins's motion for leave to appeal to the New York

Court of Appeals was denied. People v. Robbins, 10 N.Y.3d 869 (2008). On December 11,

2005, Robbins, acting pro se, also filed a motion to vacate his judgment of conviction pursuant to

New York Criminal Procedure Law ("C.P.L.") § 440.10, raising six claims not raised in the

instant petition. (See Glachman Affirm. ¶ 12.) The New York Supreme Court, King's County

denied the motion. (Id. ¶ 13.)

On May 8, 2009, Robbins, acting pro se, filed this petition for a writ of habeas corpus,

raising the same claims of prosecutorial misconduct that he raised on direct appeal.[1] First,

Robbins alleges that the prosecutor willfully violated the court's ruling precluding testimony

---

[1] Robbins does not raise an ineffective assistance of counsel claim in his habeas petition.

regarding his uncharged gun possession. (Pet. at 3, 5.) Second, Robbins contends that multiple remarks made by the prosecutor during summation denied him a fair trial. (Id.)

## II.    STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Determination of factual issues made by a state court "shall be presumed to be correct," and the applicant "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Id. § 2254(e)(1).

An "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." Sellan v. Kuhlman, 261 F.3d 303, 313 (2d Cir. 2001). A decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A decision is "an unreasonable application" of clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." Id. at 413. For relief to be warranted, the "state court's application of governing federal law . . . must be shown to be not only erroneous, but objectively

unreasonable." Waddington v. Sarausad, 129 S. Ct. 823, 831 (2009) (internal quotation marks omitted).

## III.    DISCUSSION

### A.    Independent and Adequate State Grounds

As Respondent correctly argues (see Resp't Mem. (Docket Entry # 5 at 9) at 13-16), Petitioner's claims regarding the prosecutor's summation are procedurally barred because the Appellate Division rejected the same claims based on an independent and adequate state ground. In particular, the Appellate Division found that these claims were not "preserve[d] for appellate review . . . as defense counsel either did not object to them, or raised only a general objection." Robbins, 48 A.D.3d at 711 (citations omitted).

A federal habeas court cannot consider a claim if the state court adjudication of the same claim "'rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" Garcia v. Lewis, 188 F.3d 71, 76 (2d Cir. 1999) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)). Such a ground is adequate if it is "based on a rule that is 'firmly established and regularly followed'" by the state courts. Id. at 77 (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)). This rule applies whether the state law ground is substantive or procedural. See id. at 76. For a procedural default to bar consideration of a federal claim on habeas review, the last state court rendering a judgment in the case must "clearly and expressly" state that its judgment rests on a state procedural bar. Galdamez v. Keane, 394 F.3d 68, 77 (2d Cir. 2005) (quoting Harris v. Reed, 489 U.S. 255, 263 (1989)).

Under New York law, defense counsel must make timely and specific objections to preserve claims of error at trial for appellate review. See C.P.L. § 470.05(2); People v. Payne, 3 N.Y.3d 266, 274 (2004). Where a state court finds a claim of prosecutorial misconduct

unpreserved because defense counsel failed to satisfy the contemporaneous objection rule, the petitioner's procedural default constitutes an independent and adequate state law ground for rejecting his habeas claim. See Vargas v. Keane, 86 F.3d 1273, 1280 (2d Cir. 1996); see also Garcia, 188 F.3d at 79 ("[W]e have observed and deferred to New York's consistent application of its contemporaneous objection rules.").

The Appellate Division's holding constitutes a "clear and express" statement that its judgment was based on an independent and adequate state procedural ground. Therefore, Robbins's claim is procedurally defaulted and cannot be considered by this court. This is so even though the Appellate Division additionally noted that Robbins's claims failed on the merits. When a state court finds that a claim is "not preserved for appellate review" and then rules "in any event" on the merits, the decision rests on a state procedural ground, thus barring federal habeas review. See Galdamez, 394 F.3d at 77; Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 810 n.4 (2d Cir. 2000).

A petitioner may overcome a procedural default by demonstrating either (1) cause and actual prejudice, or (2) that failure to consider the claim will result in a fundamental miscarriage of justice. See Galdamez, 394 F.3d at 73 (quoting Coleman, 501 U.S. at 750). To establish cause for a procedural default, a petitioner must show "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner can show a fundamental miscarriage of justice if he or she shows that the constitutional violation probably caused the conviction of one innocent of the crime. Id. at 495-96. In his submissions to the court, Robbins fails to show cause for not complying with the requirements of the contemporaneous objection rule. He additionally fails to

make any showing of actual innocence. Therefore, he cannot overcome the procedural bar requiring the denial of his claims relating to the prosecutor's summation.[2]

### B.     References to Robbins's Uncharged Gun Possession

The only claims the Appellate Division denied for lack of preservation were those relating to "certain remarks made by the prosecutor during summation." Robbins, 48 A.D. 3d at 711. Since an independent and adequate state ground for denial must be "clearly and expressly" stated for a claim to be procedurally barred on habeas review, the court will not assume that Robbins's additional claim regarding the prosecutor's reference to his uncharged gun possession is also procedurally barred. However, the Appellate Division did adjudicate this claim on the merits by finding that, "to the extent any remarks were improper, they did not deprive defendant of a fair trial." Id. (citations omitted).[3] Accordingly, the Appellate Division's denial of Robbins's claim regarding the prosecutor's reference to his uncharged gun possession is entitled to deference under AEDPA.

Robbins claims the prosecutor denied him a fair trial by violating the trial court's pretrial order precluding evidence of uncharged gun possession. (See Pet. at 3, 5.) Before trial, the trial court precluded the prosecutor from asking questions about Robbins's uncharged gun possession,

---

[2] Respondent also argues that Robbins's claims must be dismissed as unexhausted because Robbins failed to raise the same claims he asserts in his habeas petition in his motion for leave to appeal to the New York Court of Appeals. (See Resp't Mem. at 10-13.) This is simply incorrect. In his motion for leave to appeal to the Court of Appeals, Robbins set forth his claims regarding the trial prosecutor's misconduct. (See Mot. for Leave to App. (Docket Entry # 7-4 at 93).) He further requested that the reviewing judge "consider and review all issues raised in the brief to the Appellate Division." (Id. at 3.) The prosecutorial misconduct claims Robbins raises in his habeas petition are the same ones he raised in his Appellate Division brief. The court therefore declines to dismiss for lack of exhaustion.

[3] Even though the word "remarks" might seem to refer only to the remarks the prosecutor made in summation, to which the Appellate Division referred in the previous sentence of its order, the court will read this sentence broadly as referring to all of Robbins's claims pertaining to "remarks" made at trial. See Acosta v. Artuz, 375 F. Supp. 2d 173, 180 (E.D.N.Y. 2005) ("[I]t is reasonably consistent with the principle of comity to presume that appellate courts have addressed the merits of all claims raised on appeal, where they do not explicitly say otherwise."), aff'd, 575 F.3d 177 (2d Cir. 2008).

unless defense counsel "open[ed] the door to it." Trial Tr. at 251-53. During the trial, defense

counsel directly examined Sergeant Gargiulo regarding the evening Robbins burglarized Blue's

apartment. The following exchange occurred:

> [Defense Counsel]: Did she ever say anything at all about an ice pick when she
> spoke to you?
> [Gargiulo]: No, she mentioned a—
> [Defense Counsel]: No—
> [Gargiulo]: A .22 caliber hand—
> The Court: Let him finish his answer.
> [Gargiulo]: She mentioned that the perp was known to carry a .22 caliber handgun
> according to this report.
> The Court: Jury will disregard that. The jury will disregard that.

Trial Tr. at 601. Subsequently, during her cross-examination of Gargiulo, the prosecutor asked:

> [Prosecutor]: And she also did tell you that he is known to carry a weapon?
> [Defense Counsel]: Objection.
> The Court: Counsel, you know better.
> [Prosecutor]: Withdrawn.
> The Court: Jury will disregard the question and anything you might have heard
> after the question.

Id. at 608. Robbins contends that this exchange denied him a fair trial. (See Pet. at 3, 5, 14-15;

see also Pet'r's App. Div. Mem. at 21-23.) However, the remarks in question fall far short of

constituting a constitutional violation.

To successfully make out a claim cognizable on habeas review based on a prosecutor's

comments at trial, the petitioner must demonstrate that the prosecutor's "comments 'so infected

the trial with unfairness as to make the resulting conviction a denial of due process.'" Darden v.

Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643

(1974)). "To constitute a due process violation, the prosecutorial misconduct must be 'of

sufficient significance to result in the denial of the defendant's right to a fair trial.'" Greer v.

Miller, 483 U.S. 756, 765 (1987) (quoting United States v. Bagley, 473 U.S. 667, 676 (1985)).

The contested remarks must be examined within the context of the whole trial. See United States

v. Young, 470 U.S. 1, 12 (1985). Under this standard, only "egregious" prosecutorial misconduct can give rise to a constitutional claim. See Miranda v. Bennett, 322 F.3d 171, 180 (2d Cir. 2003) (quoting Donnelly, 416 U.S. at 647-48).

The Appellate Division did not unreasonably apply clearly established federal law in dismissing Robbins's claim. The prosecutor's remark regarding Robbins's uncharged gun possession was one isolated question, which was promptly withdrawn, and which the trial judge immediately instructed the jury to disregard. This did not amount to egregious misconduct denying Robbins a fair trial. See Greer, 483 U.S. at 766 ("The sequence of events in this case—a single question, an immediate objection, and two curative instructions—clearly indicates that the prosecutor's improper question did not violate [defendant's] due process rights.").

In addition, the prosecutor's remark was insufficiently significant to constitute a due process violation when viewed in the context of the entire trial. The jury convicted Robbins after hearing lengthy testimony from Blue, which was corroborated by testimony from multiple security guards employed at Blue's apartment complex and Blue's former workplace manager. See Trial Tr. at 499-517, 519-527, 578-583. Moreover, Robbins admitted that he knowingly violated the two orders of protection Blue obtained against him and sent Blue threatening letters while he was incarcerated. Id. at 657, 680-81. Given the substantial evidence presented against Robbins, the prosecutor's single improper comment did not undermine the fairness of the trial. Accordingly, the Appellate Division's decision was neither contrary to, nor an unreasonable application of, clearly established federal law.

IV.    CONCLUSION

For the foregoing reasons, Robbins's petition for a writ of habeas corpus is DENIED. A certificate of appealability will not issue because Robbins has not made a substantial showing of

the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The court certifies pursuant to

28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and

therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v.

United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas Garaufis

Dated: Brooklyn, New York
July 12, 2011

NICHOLAS G. GARAUFIS
United States District Judge